UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RITA BONVILLIAN** | ***CIVIL NO. 6:16-1708** |
| **VERSUS** | ***JUDGE JAMES** |
| **NATIONAL LIABILITY & FIRE INSURANCE COMPANY, ET AL.** | ***MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

The undersigned has reviewed defendants' "Memorandum in Support of Jurisdictional Amount" [rec. doc. 10] submitted in Response to the undersigned's December 19, 2016 Order requiring removing defendants to file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists [rec. doc. 9], as well as the plaintiff's Response thereto [rec. doc. 12].   For the following reasons, it is recommended that this matter be **REMANDED** to state court.

Plaintiff, Rita Bonvillian ("Bonvillian"), initiated this action in the Twenty-Seventh Judicial District Court for St. Landry Parish, Louisiana.  Defendants, National Liability & Fire Insurance Company, B&B Transportation, LLC and Manion Higdon (collectively, "National Liability"),  removed the matter to this court based on the allegation that the matter in controversy exceeded $75,000.00 and that this court therefore had diversity jurisdiction under 28 U.S.C. § 1332.  National Liability did not allege any facts in support of diversity jurisdiction, but rather, citing the allegations in

Bonvillian's Petition, alleged that it is facially apparent that the jurisdictional amount is satisfied.

In her Petition, Bonvillian alleges only that she seeks general categories of damages, for non-specific injuries. More specifically, plaintiff alleges that as she was driving on Interstate 49, a tire from an 18-wheeler, which was traveling in front of her vehicle, fell off, became airborne and crashed into the front of her vehicle. The petition alleges generally that Bonvillian suffered neck, back, leg, wrist, and arm pain, as well as "soreness to her body as a whole", but does not specify the extent or duration of her injuries, nor does Bonvillian state any facts or details about the nature or extent of medical treatment received, if any, whether any additional medical treatment has been recommended, or the value of any wage loss, earnings capacity or disability claim, if any. Bonvillian makes general allegations of her alleged items of damages which include "physical pain and suffering – past, present and future; mental pain, anguish and distress – past, present and future; loss of enjoyment of life – past, present and future; disability – past, present and future; impairment of earning capacity – past, present and future; medical expenses – past, present and future; scarring; [and] property damage. . . .". However, she does not set forth the numerical value of her damage claims.[1]  [rec. doc. 1-3].

---

[1] Under Louisiana law, plaintiffs may not specify the numerical value of a damage claim. La. Code Civ. P. art. 893.

On December 19, 2016, the undersigned issued an Order stating that the jurisdictional amount was not facially apparent from the petition and that defendants' allegations as to the amount in controversy were unsupported by specific facts. Accordingly, the undersigned ordered National Liability to file a memorandum with summary-judgment-type evidence setting forth specific facts in controversy which support a finding that the jurisdictional amount exists. [rec. doc. 9].

National Liability filed a response to the Order. [rec. doc. 10]. The response is accompanied by the affidavit of a claims adjuster who states that a legal assistant to plaintiff's former counsel Erik Miller stated by telephone that Bonvillian was having back pain and had a "tear in her neck on her MRI" which was causing neck pain. The adjuster also states that Bonvillian's former counsel, Miller, said that Bonvillian had an upcoming doctor's appointment scheduled for September. [rec. doc. 10-1]. As correctly noted by Bonvillian in her Response, while an affidavit does constitute summary-judgment type evidence, this affidavit provides nothing upon which this court can determine the value of Bonvillian's damage claims. The affidavit does not specify the type of injury Bonvillian has allegedly suffered, nor does it provide any insight on the nature and extent of any treatment she may have received.

Moreover, National Liability's response is not accompanied by any competent supporting documentation setting forth specific facts in controversy. National Liability does not submit medical bills, medical records indicating the nature, extent and

duration of the alleged injury or injuries nor any medical treatment received therefore, nor any documentation in reference to any claim for lost wages, loss of earnings capacity or disability. Rather, based on a telephone discussion between a claims adjuster with a legal assistant and one telephone call between that same adjuster and plaintiff's former counsel, National Liability merely speculates that plaintiff has sustained an annular tear or herniated cervical disc which may satisfy the jurisdictional minimum.[2]

National Liability cites case law in an attempt to establish damage awards for an annular tear or a cervical disc, purportedly similar bodily injuries, to satisfy the jurisdictional minimum. However, without any facts as to the nature and extent of Bonvillian's alleged injury, if any, the undersigned is unable to determine if the injuries sustained by the plaintiffs in the cited cases are comparable to those sustained by Bonvillian. Hence, those cases supply no support for a finding that the jurisdictional minimum exists in the present case. Bonvillian's damage claims are unsubstantiated, and on the record before this court the value of these unsubstantiated claims cannot be determined.

The law is well settled that a federal court is authorized to raise the issue of jurisdiction *sua sponte*. *Derouselle v. Wal-Mart Stores, Inc.,* 934 F.Supp. 214, 215

---

[2]The court concludes this based on the citations provided by National Liability to case law, discussed below.

(W.D. La. 1996). In fact, because federal courts are courts of limited jurisdiction, the trial court is bound to assess for itself, even when not otherwise suggested, whether it possesses jurisdiction. *Id*.

The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). Thus, as the party invoking the court's jurisdiction, National Liability, the removing defendant, bears the burden of establishing federal subject matter jurisdiction. *See also Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

Removal cannot be based simply upon conclusory allegations. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). A showing only that damages "could well exceed" the jurisdictional amount or that there is a "possibility" that the plaintiff could recover more than the jurisdictional amount is insufficient to carry the removing defendant's burden. *Id*, at 1336. Rather, the removing defendant must establish that it is more likely than not that the jurisdictional amount is satisfied. *Id.*

When a case is removed on the basis of diversity jurisdiction, the removing defendant must *prove by a preponderance of the evidence* that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."*Luckett v.*

5

*Delta Airlines*, 171 F.3d 295, 298 (5th Cir.1999); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir.1999). This, National Liability has failed to do.

The court feels compelled to address statements in the adjuster's affidavit suggesting that the legal assistant and/or Erik Miller's refusal to respond to requests for Bonvillian's medical records excuses the lack of supporting documentation for the removal of this case. In essence, National Liability attempts to place responsibility for its premature removal of this action on Bonvillian. This argument is contrary to and not supported by existing law. It is the removing defendant's burden to prove that *at the time of removal* a minimum of $75,000.00 is in controversy, <u>not</u> the plaintiff's. If the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts *before* effecting removal. That is precisely why the "other paper" removal rule exists, to ensure that removals will not be filed "before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence . . . ." *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 211 (5th Cir. 2002)[3].

This Court has already found that it is not "facially apparent" that Bonvillian's

---

[3] The "other paper" rule provides that when the original petition does not, on its face, affirmatively reveal that the jurisdictional minium is present, a removing defendant is not required to remove until it receives an amended pleading or other paper that make it "unequivocally clear and certain" that more than $75,000 is in controversy. *Bosky*, 288 F.3d at 211. This rule is intended to "reduce 'protective' removals by defendants faced with an equivocal record . . . also [to] discourage removals before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence . . . ." *Id.*

6

claims are likely to equal $75,000.00.[4] [rec. doc. 9]. As set forth above, despite this Court's order, National Liability has failed to set forth facts in controversy that support a finding that the requisite jurisdictional amount exists. Accordingly, the undersigned cannot find it is more likely than not that damages could reach $75,000.00, this court's jurisdictional minimum. Accordingly, **IT IS RECOMMENDED** that Bonvillian's case be **REMANDED** to the Twenty-Seventh Judicial District Court for St. Landry Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

---

[4] In so finding, the court found that a plaintiff's listing of general categories of damages, for non-specific injuries are too vague and nonspecific to support a finding regarding the amount in controversy. *See Fontenot*, 2008 WL 4822283, at *4 *quoting Saxon v. Thomas*, 2007 WL 1115239, *2 (W.D. La.2007) ("generic 'categories of damages are often prayed for in cases that have far less than $75,000 in controversy, so their generic listing adds almost nothing toward satisfying the removing party's burden.'"); *Benjamin v. Multi-Chem Group, L.L.C.*, 2012 WL 3548060, *3 (W.D. La. 2012) ( "The *type* of damages sought to be recovered does not determine whether the amount in controversy requirement has been satisfied. Instead, the *amount* of damages sought to be recovered governs the inquiry.). The court also rejected National Liability's argument that because Bonvillian failed to respond to a request for a stipulation that her damages do not exceed $75,000, that inaction constitutes an admission that the amount in controversy exceeds $75,000, thereby establishing the jurisdictional amount for diversity jurisdiction. *See Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283, *4 (W.D. La. 2008) ("The removing defendant's 'burden is unaffected by the plaintiff's failure to comply with La.Code Civ. Proc. art. 893'" and "plaintiff's failure to stipulate that his or her damages do not exceed $75,000.00 does not defeat a motion to remand in cases where it is not facially apparent that the claims establish the requisite jurisdictional amount.").

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of a objections or responses to the District Judge at the time of filing.

Signed this 1st day of February, 2017, at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE